UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON ROGERS,

Plaintiff,

v. Case No.: 6:26-cv-1403-JSS-DCI

CLYDE BOTNER INC. and CLYDE BOTNER,

Defendants.
_________________________________/

**ORDER**

THIS CAUSE is before the Court on the following matters:

1. On July 1, 2026, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Doc. 8.) In doing so, the Court did not consider that Plaintiff is a pretrial detainee incarcerated at the Brevard County Jail. Consequently, the Court failed to consider the motion under the Prison Litigation Reform Act ("PLRA") relevant to prisoner actions.

Specifically, under "28 U.S.C. § 1915(b)(1), the PLRA's full-payment provision, states, in relevant part, that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). Thus, although Plaintiff is permitted to proceed in forma pauperis in this action, he still is responsible for the full payment of the filing fee of $350. Therefore, the July 1, 2026

Order allowing Plaintiff to proceed in forma pauperis will be amended to require Plaintiff to pay the filing fee as funds become available in his prison account.

2. The Court **AMENDS** the July 1, 2026 Order (Doc. 8) granting Plaintiff's Motion to Proceed In Forma as follows. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee or with an initial partial filing fee. Plaintiff, however, is assessed the total $350.00 filing fee.[1]

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account monthly to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (5084659); and, (3) Middle District of Florida Case Number 6:26-cv-1403-JSS-DCI. Checks or money orders which do not have this information will be subject to

---

[1] *See also Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002).

return.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency having custody over him lapses in its duty to make payments on his behalf. Thus, in case of transfer, Plaintiff should ensure that any new institution is advised of this lawsuit and Plaintiff's payment obligations. Plaintiff should retain a copy of this Order for that purpose.

3. Plaintiff's Motion for Reissuance of Summons and for Extension of Time for Service (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the Clerk of Court issued Plaintiff's proposed Summonses and provided them and copies of the Complaint to the Marshal for service. Further, pending the Marshal's efforts to serve Defendants, the action will not be dismissed under Federal Rule of Civil Procedure 4(m). To the extent Plaintiff seeks any other relief, the motion is denied.

4. Plaintiff must immediately advise the court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such. Plaintiff must file a separate notice in each case that he has pending before the court. Failure to inform the Court of an address change may result in the dismissal of this case for failure to prosecute without further notice of the Court.

5. Plaintiff should not correspond with the Court in letter form. Instead, Plaintiff must file a pleading or motion with a title. The title should be a brief summary of the contents of the pleading or motion. As a matter of course, the Court will not respond to Plaintiff's letters.

6. The **Clerk of Court** shall mail a copy of this Order to: Administrator of the Inmate Trust Fund Account, Brevard County Jail Complex, 860 Camp Road, Cocoa, Florida, 32927.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Party